UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EUGENIA SONG,

                Plaintiff,

-against-

INTERPOL FOR NETHERLANDS,

                Defendant.

24-CV-3797 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Eugenia Song, who resides in Philadelphia, Pennsylvania, brings this *pro se* action against the "Interpol for Netherlands." (ECF 1, at 1.) By order dated July 30, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings this action using the Administrative Office of the Courts general complaint form for a civil case. She names as defendant "Interpol for Netherlands," seemingly referring to the International Criminal Police Organization commonly known as Interpol. For the facts of her case, Plaintiff refers the court to the same complaint of assault and slander that she previously filed in this court against Emily Hoch in *Song v. Hock*, No. 24-CV-2739 (LTS) (S.D.N.Y. May 6, 2024). In that complaint, Plaintiff claimed that Hoch, an apparent employee of the Rand Corporation in Arlington, Virginia, was hired by a Dr. Peter T. Coleman of the International Center for Conflict Resolution at Columbia University, to assault Plaintiff from a "computer with a militarized weapon."[1] ECF 1:24-CV-2739, 1, at 1. Plaintiff now submits the

---

[1] On May 3, 2024, the Court dismissed Plaintiff's claims in *Song v. Hock*, No. 24-CV-2739 (LTS) as duplicative of her claims in another action against Hoch, *Song v. Hock*, No. 24-

2

exact same complaint but crosses off all references to Hoch and replaces them with Interpol for Netherlands. (ECF 1, at 13.) She also handwrites that the Interpol for Netherlands is responsible for the actions of "Jan," whom she identifies as the former "Ministry of Commerce and associated with Peter Coleman in NYC." (*Id*.) Plaintiff leaves in the complaint the same allegations that she previously asserted against Hoch.[2] In a separate letter, Plaintiff asserts that Jan is "financially backing" Coleman and has committed "slander [and] libel." (ECF 1-1, at 1.)

Plaintiff seeks to stop Defendant from paying Coleman and money damages. (*Id*.)

## DISCUSSION

The Court dismisses this action for the same reason the Court dismissed *Song v. Hoch*, No. 24-CV-2532 (LTS); that is, Plaintiff's complaint is frivolous. Even when the Court construes the complaint with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. Although the Court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely," *Denton*, 504 U.S. at 33, a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Denton,* 504 U.S. at 32-33; *see Livingston*, 141 F.3d at 437.

Plaintiff's allegations that the Interpol is endangering her life through its use of a "computer with a militarized weapon" – the same assertions she previously made against Hoch –

---

CV-2532 (LTS) (S.D.N.Y. July 8, 2024). Plaintiff had asserted in *Song v. Hoch*, No. 24-CV-2532 (LTS) that Hoch's research for the Rand Corporation was endangering her life. On July 3, 2024, the Court dismissed the complaint as frivolous. ECF 1:24-CV-2532, 13.

[2] Plaintiff also attaches to the complaint several submissions that she previously filed in *Song v. Hoch*, No. 24-CV-2532, including a motion for temporary injunction and a "motion for jurisdictional authority." (ECF 1, at 7-8.) Similar to the complaint, she crosses off all references to Hoch as the defendant and replaces her with Interpol for Netherlands.

lacks any basis in fact or law. (ECF 1, at 1.) Although Plaintiff appears to believe that Defendant harmed her in some fashion, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022); *see Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief). Indeed, the complaint provides no specific facts whatsoever explaining how the Interpol or any other person or entity has caused harm to Plaintiff.

The Court finds that, because Plaintiff does not provide any plausible factual support for her claims, they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Moreover, the Court also finds that because Plaintiff has pleaded no factual predicate in support of her assertions, her allegations amount to conclusory claims and suspicions, and consequently, must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant her leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**WARNING**

Plaintiff has filed multiple actions in this and other federal courts that have been dismissed for failure to state a claim, as duplicative, or as frivolous.[3] *See Song v. Hoch*, ECF 1:24-CV-2532, 13 (listing cases). On July 3, 2024, Plaintiff was warned that further frivolous or meritless litigation in this court may result in an order barring her from filing any new actions IFP without prior permission.[4] *See id.*, ECF 1:24-CV-2532, 13; *see also* 28 U.S.C. § 1651. The Court now reiterates that warning. Should Plaintiff persist in filing actions that are frivolous or otherwise nonmeritorious, the Court will order her to show cause why she should not be barred under Section 1651 from filing new actions IFP without prior permission. This warning is necessary to conserve this court's judicial resources. *See generally*, *In Re McDonald*, 489 U.S. 180, 184 (1988).

**CONCLUSION**

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

---

[3] Plaintiff also filed six cases in this court that were dismissed for failure to pay the fees, or seek waiver of the fees. *See Song v. Owen Minor Inc.*, ECF 1:24-CV-4148, 9 (S.D.N.Y. July 10, 2024); *Song v. Trustees of Columbia Univ. in New* York, ECF 1:24-CV-4014, 5 (S.D.N.Y. July 19, 2024); *Song v. Virgil*, ECF 1:24-CV-3820, 9 (S.D.N.Y. July 3, 2024); *Song v. Columbia Univ in New York.*, ECF 1:24-CV-3600, 8 (S.D.N.Y. June 27, 2024); *Song v. Columbia Univ.*, ECF 1:23-CV-4532, 4 (S.D.N.Y. July 28, 2023); *Song v. Coleman*, ECF 1:23-CV-4526, 3 (S.D.N.Y. July 18, 2023). Plaintiff has also filed two actions that were transferred to other courts. *See Song v. Rand Corp.*, ECF 1:24-CV-4508, 6 (S.D.N.Y. June 14, 2024) (transferred to the United States District Court for the Central District of California); *Song v. Kranz*, ECF 1:24-CV-3528, 7 (S.D.N.Y. May 22, 2024) (same). She has one remaining pending case in this court. *See Song v. Trustees of Columbia Univ. in New* York, ECF 1:24-CV-3599, 1 (S.D.N.Y. filed May 6, 2024).

[4] This action was filed before the Court issued its warning on July 3, 2024.

Plaintiff is also warned that further vexatious or frivolous litigation in this court may result in an order barring her from filing any new actions without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:  August 26, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge